

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>MILSTEAD & ASSOCIATES, LLC<br>By: Andrew M. Lubin<br>Atty. ID: AL0814<br>1 E. Stow Road<br>Marlton, NJ 08053<br>(856) 482-1400<br>File No. 229393<br>Attorneys for Secured Creditor: The Bank of New York Mellon as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2006-8 | Order Filed on November 7, 2019<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Karen Calandriello | Case No.: 19-24666-MBK<br>Chapter 13<br><br>Hearing Date: October 15, 2019<br>Time: 10:00 a.m.<br><br>Judge: Michael B. Kaplan |

## CONSENT ORDER RESOLVING OBJECTION OF SECURED CREDITOR TO CONFIRMATION OF CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED.**

**DATED: November 7, 2019**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page **(2)**
Debtors **Karen Calandriello**
Case No.: **19-24666-MBK**
Caption of Order:  **CONSENT ORDER RESOLVING OBJECTION OF SECURED CREDITOR TO CONFIRMATION OF CHAPTER 13 PLAN**

_____

**THIS MATTER** having come before the Court by, Andrew M. Lubin, Esquire of Milstead & Associates, LLC, attorneys for The Bank of New York Mellon as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2006-8by the filing of the Objection to Confirmation of Chapter 13 Plan, and the Debtor, Karen Calandriello, being represented by Daniel E. Straffi, Esquire; and the parties having resolved their differences and having consented to the entry of this Order, and for good cause shown:

It is on this _____day of _____, 2019 ORDERED as follows:

1.	The Trustee is authorized not to pay the Secured Creditor's arrearage claim as provided for in its Proof of Claim (Claim #14-1), so the debtor can complete the loan modification process.

2.	If the loan modification is not approved by the termination date of the loss mitigation as set forth in the Loss Mitigation Order entered on October 16, 2019, or other date as extended by the Court, then the debtor shall do one of the following within ten days of the termination of the loss mitigation process: (1) file a modified Chapter 13 Plan to cure the arrearage claim; (2) file a modified Chapter 13 Plan to surrender the property; (3) file a Notice to Convert to Chapter 7; or (4) file a Notice to Dismiss Case.

4.	The Parties agree that consent to entry of the within order does not waive the debtor's right to object to Secured Creditor's Proof of Claim pursuant to D.N.J. Local Bankruptcy Rule 3007-1(b).

5.	This Order shall be incorporated in and become a part of any Order Confirming Plan in the herein matter.

Page **(3)**
Debtors **Karen Calandriello**
Case No.: **19-24666-MBK**
Caption of Order: **CONSENT ORDER RESOLVING OBJECTION OF SECURED CREDITOR TO CONFIRMATION OF CHAPTER 13 PLAN**

_____

The Undersigned herby consent to the form, content and entry of the within Order:

/s/ Andrew M. Lubin                                     /s/ Daniel E. Straffi

| Andrew M. Lubin, Esquire | Daniel E. Straffi, Esquire |
| Milstead & Associates, LLC | Straffi & Straffi, LLC |
| Attorneys for Mortgagee | Attorney for Debtor |
| Date: October 28, 2019 | Date: |